IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARVIN L. MALONE, #411853,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | 3:11-CV-2304-M (BK) |
| | § | |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Div.,<br>Respondent. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge for findings, conclusions, and recommendation. Petitioner, a Texas state inmate, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, seeking DNA testing and appointment of counsel under Texas Code of Criminal Procedure Art. 64.01. The Court did not direct Respondent to file a response, but issued a questionnaires inquiring about the factual basis of the petition. For the reasons that follow, it is recommended that the petition for writ of habeas corpus be summarily dismissed without prejudice.

**I. BACKGROUND**

In 1985, Petitioner was convicted of sexual assault of a child and sentenced to forty years' imprisonment. *State v. Malone*, No. F85-98931-IM (194th Jud. Dist. Court, Dallas County, 1985), *aff'd*, No. 05-85-01401-CR (Tex. App.– Dallas Nov. 5, 1986, no pet.). Petitioner unsuccessfully challenged his conviction in five state and seven federal habeas proceedings, and

this Court dismissed the last three federal petitions as successive. *See Malone v. Dretke*, No. 3:05-CV-1990-D, 2005 WL 3150239 (N.D. Tex. Nov. 14, 2005) (dismissing federal petition as successive); *Malone v. Quarterman*, No. 3:07-CV-2032-P (N.D. Tex. Feb. 12, 2008) (same) (Westlaw citation not available); *Malone v. Texas State Parole Board*, No. 3:09-CV-0518-M, 2009 WL 2169001, 1-2 (N.D. Tex. Jul. 20, 2009) (same); *see also Malone v. Texas State Parole Officials*, No. 3:09-CV-1838-L, 2010 WL 446093 (N.D. Tex. 2010) (dismissing without prejudice complaint, which was tantamount to a habeas corpus petition challenging underlying criminal conviction, because petitioner failed to seek leave to file a successive section 2254 petition). The United States Court of Appeals for the Fifth Circuit also denied Petitioner leave to file a successive habeas application. *See In re Malone*, No. 08-10280 (5th Cir. Jul. 8, 2008).

Despite Petitioner's "veteran filer" status, his federal petition is very difficult to decipher. In his original petition, Petitioner references a January 20, 2011, state habeas application, on which the trial court "declined to appoint counsel to file the DNA test," and a second state application, filed on January 28, 2011, about which he states, "some incredible person had moved the case from 1985, to 1997 law, wich [sic] could not be dun [sic]." (Doc. 2 at 6.) Petitioner also indicates filing a petition for writ of mandamus "to compell [sic] Dallas County to uphold the law," which was allegedly followed by various investigations into his criminal case, including one by the FBI. *Id.* at 7. In his amended petition, he alleges for the first time that the Dallas District Attorney denied his request to appoint counsel and refused to file a motion for DNA testing. (Doc. 15 at 6.) Petitioner requests "to git [sic] DNA test run, and appoint [an] attorney to file the DNA test right, and clear the air, for there will bring to light there was no sexual assault . . . ." (Doc. 2 at 7.)

Dallas County records reflect that in December 2010, Petitioner filed a state habeas application, with respect to his 1985 state conviction. *See Ex parte Malone*, No. W85-98931-F. On January 25, 2012, the trial court issued findings, which were then forwarded to the Texas Court of Criminal Appeals, where the state application remains pending. *Ex parte Malone*, No. WR-18,818-10. In January and March 2011, Petitioner also submitted correspondence to the Dallas County District Court Clerk (both filed and scanned in No. F85-98931), inquiring about the status of an October 2010 motion to appoint counsel to file a motion for DNA testing, and a December 2010 motion for DNA testing and appointment of counsel. However, the records in No. F85-98931 do not reflect the filing of either the October or the December 2010 motion for DNA testing.[1]

## II. DISCUSSION

As noted above, Petitioner's claims are very difficult to decipher. Petitioner attributes the failure to appoint counsel under Art. 64.01 and to seek DNA testing to the District Attorney and his staff. (Doc. 2 at 7; Doc. 11, ans. 1-2; Doc. 15 at 6.) The record in his criminal case, however, confirms that no motion for DNA testing or to appoint counsel under Art. 64.01 was ever filed in the state convicting court. In addition, even if such a motion had been filed,

---

[1] The Court confirmed the filing of the December 2010 state habeas application and the January and March 2011 correspondence on the Dallas County website. The Court confirmed telephonically with the Dallas County District Court Clerk and Public Defender's offices that no motion for DNA testing or to appoint counsel under Art. 64.01 is presently pending.

The Court liberally construes Petitioner to seek DNA testing under Article 64.01 of the Texas Code of Criminal Procedure, as amended effective September 1, 2011. The amended statute provides for forensic DNA testing of "evidence containing biological material" that (1) "was not previously subjected to DNA testing; or (2) although previously subjected to DNA testing, can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test." Art. 64.01(b)(1)-(2).

Petitioner's request for DNA would not be cognizable in this federal habeas case. Under section 2254, this Court is limited to addressing claims that a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *But see Skinner v. Switzer*, ___ U.S. ___, 131 S. Ct. 1289, 1298 (2011) (recognizing limited procedural due process right to access DNA evidence under 42 U.S.C. § 1983), *overruling Kutzner v. Montgomery County*, 303 F.3d 339, 340-41 (5th Cir. 2002); *District Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. 52, __, 129 S. Ct. 2308, 2322-23 (2009) (declining to recognize substantive due process right to access DNA evidence for testing). Therefore, the habeas petition should be dismissed without prejudice.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** without prejudice.

SIGNED February 2, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE